UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA

**LEON GASSIOT**                                        **CIVIL ACTION**

**VERSUS**                                              **NO. 06-4471**

**KMART CORPORATION**                                   **SECTION B(3)**

                            ORDER AND REASONS

	Before the Court is Defendant's Motion to Dismiss. (Rec. Doc. No. 21). Said motion is **denied without prejudice, in part, and granted in part** at the Court's discretion in the imposition of financial sanctions.

	This lawsuit, filed by Plaintiff, through counsel, in August 2006, was originally set before Judge Zainey. In August 2007, Plaintiff's counsel moved to withdraw, alleging that Plaintiff had been unresponsive. (Rec. Doc. 8). After transfer from Judge Zainey to Section B of this Court, Judge Lemelle granted the Motion to Withdraw and further ordered that Plaintiff show cause in writing by November 26, 2007 why his complaint should not be dismissed for lack of prosecution. (Rec. Doc. 13). No response from Plaintiff appears in the record.

	Defendant filed a Motion to Dismiss for Lack of Prosecution on July 18, 2008. (Rec. Doc. 14). On August 22, 2008, Plaintiff, appearing pro se, and Defendant participated in a preliminary pre-trial conference at which pre-trial and trial dates were set for May 27, 2009 and June 15, 2009, respectively. (Rec. Doc. 17). In

light of the parties' appearance for the preliminary pre-trial conference, Defendant's Motion to Dismiss was dismissed as moot. (Rec. Doc. 18).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court can in its own discretion dismiss an action based on the failure of the plaintiff to prosecute or comply with any court order. *Lopez v. Arkansas County Independent School District,* 570 F.2d 541 (5th Cir. 1978). In applying the sanction of dismissal, the Courts have traditionally considered the extent to which a plaintiff is responsible for the delay or failure to comply with a Court order. *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976). As the plaintiff is in proper person, it is apparent that this Court must consider his actions in considering dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

Trial in this matter was set to occur on June 15, 2009. Plaintiff did not confer with Defendant and failed to timely submit a final pre-trial order to the Court before the originally scheduled May 27, 2009 final pre-trial conference. The Court then rescheduled the pre-trial conference for June 4, 2009. Plaintiff failed to attend a noticed deposition, failed to comply with discovery deadlines, and submitted neither witness nor exhibit lists. In response to a show cause order for dismissal, Plaintiff's newly enrolled counsel submitted medical proof of Plaintiff's serious and debilitating physical condition. (Rec.

Doc. 35-2). The various medical problems tend to establish a basis for Plaintiff's inability at times to timely respond to court orders at issue. However, the Court cannot ignore that Plaintiff has been able at times, including now, to take action in his case. The instant medical proof should have been supplied in a more timely manner by Plaintiff. For that failure, Plaintiff is sanctioned to pay Defendant's reasonable attorney fees and costs associated with the pending Motion to Dismiss (Rec. Doc. 21) plus preparation work in anticipation of the now cancelled pretrial conference, **no later than 20 days after receipt** of Defendant's attorney billing records, showing task performed, hours, and rates for said motion.

In exercising the discretion to award financial sanctions over the extreme sanction of dismissal, Plaintiff is warned that the Court reserves the right to reconsider the instant motion and dismiss this case if he fails to comply with future court orders designed to facilitate prosecution of this matter.

A preliminary conference will be held by telephone on **July 21, 2009, at 10:00 a.m.** with the Case Manager for Section B and counsel of record to select pretrial and trial dates and applicable deadlines. The Case Manager will initiate the conference call.

New Orleans, Louisiana, this 24th day of June, 2009.

UNITED STATES DISTRICT JUDGE